UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-cv-22860-JLK

DARREN ANDRE SAUNDERS,

    Plaintiff,

v.

CALDER CASINO/CHURCHHILL DOWNS
(INC.), WILLIAM C. CARSTANJEN,
PAULINA LOPEZ, AND RICHARD SHUKU

    Defendants.
_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S
### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

**THIS CAUSE** came before the Court upon Plaintiff Darren Andre Saunders' Motion for Leave to Proceed *In Forma Pauperis*. ECF No. [3]. The Honorable James Lawrence King, Senior United States District Judge, referred this case to the undersigned Magistrate Judge. ECF No. [5].

In order to determine whether a party is indigent and should not be required to pay fees and costs, "the only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotations and citation omitted). If a party demonstrates that she is not able to pay for court fees and costs while supporting herself and her dependents, the request to proceed *in forma pauperis* should be granted. *Id.* There is no specific guidance regarding an income threshold to determine indigence for plaintiffs in federal civil cases. In federal bankruptcy cases, however, 28 U.S.C. § 1930(f)(1) provides that fees may be waived if an individual's income is less than 150% of the federal poverty guideline. In addition, the undersigned notes that Section 57.082, Florida Statutes, provides specific guidance regarding the determination of indigency for persons

filing lawsuits in Florida state courts. Pursuant to that statute, a person is indigent if their income is equal to or below 200% of the federal poverty guidelines. § 57.082 (2)(a)(1), Fla. Stat. (2012). The 2021 Department of Health and Human Services' Poverty Guidelines for a single person household is $12,880.00. 86 Fed. Reg. 7732, 7733 (Feb. 1, 2021).

Plaintiff has submitted an affidavit in support of his Motion for Leave to Proceed *In Forma Pauperis*. ECF No. [3]. Plaintiff states that he has been employed by "The Big Easy Casino" since November 3, 2020 and earns approximately $3,400.00 per month in gross income. *Id.* at 1–2. Plaintiff notes that he was previously employed by Defendant Calder Casino from June 5, 2016 through September 13, 2020 and, during that period, earned approximately $2,972.00 per month in gross income. *Id.* at 2. Plaintiff asserts that he does not have any cash in any bank account. *Id.* However, Plaintiff attests that he expends approximately $8,686.00 per month, as follows: (1) $2,000.00 per month in utilities; (2) $1,100.00 per month in home maintenance; (3) $2,500.00 per month in food; (4) $400.00 per month in clothing; (5) $200.00 per month in laundry and dry-cleaning; (6) $386.00 per month in transportation costs, which appear to be car payments; (7) $100.00 per month in recreation costs; (8) $600.00 per month in homeowner's insurance; (9) $47.00 per month in life insurance; (10) $207.00 per month in health insurance; (11) $234.00 per month in motor vehicle insurance; (12) $800.00 per month in credit card payments; and (13) $112.00 per month in loan repayment for a "corona virus loan from credit union." *Id.* at 4–5. In addition, Plaintiff states that he spends $1,600.00 per year in property taxes. *Id.* at 4.

The Court finds Plaintiff's Application contradictory and, in many instances, seemingly inflated. Indeed, Plaintiff's monthly income of $3,400.00, or an annual household income of $40,800.00, is well above the 2021 poverty guidelines of $12,880.00 annually for a single person. Yet, despite stating that his "living situation is completely horrible," that he cannot "afford a

family," and that he has "lost everything due to the pandemic," he asserts that he spends nearly $9,000.00 per month. *Id.* at 4–5. The Court struggles to reconcile Plaintiff's spending schedule with his living situation. For example, Plaintiff states that he lives with his 74-year-old mother and does not pay rent or mortgage but claims that he spends nearly $4,000.00 per month in home maintenance, utilities, and insurance. *Id.* at 4. Moreover, it appears that despite the alleged impact of the pandemic, Plaintiff purchased a motor vehicle "in 2020" for $22,000.00 for which he now pays $620.00 per month, including insurance. *Id.* at 3–4. In addition, it appears that Plaintiff has the ability to borrow money as indicated by his monthly credit card payments the repayment schedule for the "corona virus loan." *Id.* at 4–5.

All in all, although Plaintiff's income puts him above the poverty level, he asks that taxpayers fund this lawsuit. However, if the Court were to grant this Motion, then "practically every case will become eligible for *in forma pauperis* status depending upon [Plaintiff's] current cash flow status." *Jackson v. Hovg LLC*, No. 3:16-CV-481-J-20MCR, 2016 WL 3023853, at *2 (M.D. Fla. Apr. 29, 2016), *report and recommendation adopted*, 2016 WL 3030167 (M.D. Fla. May 25, 2016) (quoting *Olsen v. United States*, No. CIV.07 34 B W, 2007 WL 1959205, at *2 (D. Me. July 3, 2007)) (alteration supplied). Thus, the Court finds that payment of the filing fee in this case would not cause Plaintiff undue hardship. Because the Court finds that Plaintiff does not meet the criteria for *in forma pauperis* status, Plaintiff should be ordered to pay the required filing fee should he wish to proceed with this action.

Accordingly, it is hereby **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, ECF No. [3], be **DENIED.** Plaintiff shall serve and file written objections, if any, to this Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any request for an extension of time to file the objections must be made within

seven (7) days of the filing of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in chambers at Miami, Florida on August 30, 2021.

_____
JACQUELINE BECERRA
United States Magistrate Judge